Robbins v. Dillaye.

Judgment reversed.

[NEW YORK GENERAL TERM, November 5, 1860. *Sutherland, Bonney* and *Hogeboom,* Justices.]

———————◆———————

ROBBINS and others *vs.* DILLAYE and others.

A., knowing B. to have a sum of money in bills of a bank located in another state, which were not bankable in the city of New York, being subject to a discount, but which passed freely at par in ordinary business transactions, applied to him, at New York, for a loan for one year, of $5000 in those bills; offering to give therefor his own notes, payable every ninety days, in New York, with security, stating that he wanted the money to use elsewhere, and that the notes of such bank would answer his purpose. B. accordingly advanced the money, in bills of the foreign bank, charging legal interest, and received the notes of A. for the amount; nothing being said about interest, by either party. The greater part of the bills received by A. were used by him in his business. *Held,* in an action upon two of such promissory notes, that notwithstanding both parties might have known that the bills of the bank were at a discount, in New York, yet the transaction between them was not necessarily usurious.

Robbins *v.* Dillaye.

*Held also,* that if B. did make the very arrangement which he intended to make, and the effect of that arrangement was to give him more than seven per cent for the use of his money, without any such intention on his part, the transaction was not necessarily, and *per se,* usurious.

That whether the agreement for the loan was in fact, and in the intent of either or both of the parties thereto, corrupt and usurious, or not, was a question of fact, which should have been submitted to, and determined by, the jury.

THE plaintiffs claimed to recover the amount of two notes, made by Dillaye and indorsed to Leland & Co. who indorsed the same to the plaintiffs. The defense was usury. At the trial evidence was given tending to prove that Dillaye, residing at Syracuse, applied to Leland & Co. hotel keepers in New York, for a loan for one year, of $5000, in bills of the Valley Bank of Hagerstown in Maryland, for which he proposed to give his own notes payable every ninety days, in New York, with security. That he afterwards sent to Leland & Co. some notes for which he received bills of said bank, and which notes were paid at maturity. That the notes in suit, dated respectively 3d and 19th July, 1856, and payable at ninety days, were given to Leland & Co. under said application, and bills of said Valley Bank were received for the amount thereof, less legal interest. That such bills, at the time of this transaction, were redeemed in New York at one per cent discount, and were " uncurrent," that is, were not received in payment or deposit by the banks, but passed freely at par in ordinary business transactions; that Dillaye promised to give the bills he received a good circulation, and used all said bills in his business, except that he guarantied one sum of $220, which was afterwards returned to him, and did not use the last amount he received. That nothing was said about interest, when the arrangement was made; and the exact amount of each note was not sent to Dillaye when the note was received, but the sum sent was charged in a running account kept by Leland & Co. That members of the firm of Leland & Co. were individually interested in the Valley Bank, to the amount of about $15,000, but they were not managers of the bank; and they obtained discounts at

Robbins *v.* Dillaye.

that bank and received the proceeds in its bills. That these notes in suit were, before maturity, indorsed by Leland & Co. to the plaintiffs, who paid cash therefor; and that the Valley Bank failed on the last day of August, 1856.

The justice presiding at the trial (among other things) charged as follows : " The defense of usury, however, is good against a bona fide holder, and in reference to that I charge you, that if the notes in suit were given under an arrangement that they were for bills of the Valley Bank at par, when they were known to be at a discount, then you must find for the defendant." And " If Leland made such an arrangement as he intended to make, and the effect of it was that he would get more than seven per cent for the use of his money, the transaction was usurious, although he may not have intended to get more than seven per cent."

The plaintiffs duly excepted. A verdict was rendered for the defendants, upon which judgment was entered ; and the plaintiff appealed from an order subsequently made, denying a new trial.

*B. G. Hitchings,* for the plaintiff.

*William Tracy,* for the defendants.

*By the Court,* BONNEY, J. We are of opinion that the portions of the judge's charge above quoted were exceptionable, and that there should be a new trial in this action. The application under which the notes in suit were received was for a loan in Valley Bank bills on specified security for one year ; and it appears that bills of that bank were not received, in payment or deposit by the banks in the city of New York, and that they were purchased by brokers at one per cent discount ; but they passed freely, at par, in ordinary business transactions ; and there was no proof or pretense that Leland & Co. did not receive the bills at par, or that Dillaye used them in his business at less than their par value. Under these

---

Robbins *v.* Dillaye.

---

circumstances we think both Leland & Co. and Dillaye may have known that bills of the Valley Bank were at a discount, that is, were not " current" at bank, and were so redeemed or purchased in New York at less than their par value, and yet the transaction between them not be necessarily usurious. (*Bank of U. S.* v. *Waggoner*, 9 *Peters*, 378. *Codd* v. *Rath-bone*, 19 *N. Y. R.* 37. *Slosson* v. *Duff*, 1 *Barb. S. C. R.* 432.)

We are also of opinion that if Leland did make the very arrangement which he intended to make, and the effect of that arrangement was to give him more than at the rate of seven per cent per annum for the use of his money which it was not his intention to get, the transaction was not *necessarily and per se* usurious. There was no proof that Leland & Co. were in the habit of making loans in the bills of the Valley Bank, or other uncurrent bills. It does not appear that they ever made any other loan, and when the arrangement in this case was made, nothing was said about interest. The agreement for the loan may have been in fact and in the intent of either or both of the parties thereto corrupt and usurious, but, as we think, it may also have been otherwise. And whether it was usurious or not was a question of fact, which should have been submitted to, and determined by, the jury.

The judgment must be reversed, and a new trial granted; costs to abide the event of the suit.

[NEW YORK GENERAL TERM, November 5, 1860. *Sutherland, Bonney* and *Hogeboom*, Justices.]